IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY M. HACKETT, JR., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2230 |
| | : | |
| CYNTHIA LINK, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                                  **JULY 6, 2018**

      Plaintiff Gregory M. Hackett, Jr., a State inmate currently incarcerated at SCI Benner Township, has filed this *pro se* action pursuant to 42 U.S.C. § 1983 against Superintendent Cynthia Link, Medical Director Kathy Cozak, Maintenance Supervisor Ivan Markley, Safety Manager Christopher Steffanino, Unit Manager Bryan Toms, Medical Administrator Joseph Korzniak, Operations Major Brumfeld, Security Officer Ojrenika, and Kitchen Supervisor Banta, all of whom were employed at SCI Graterford when Hackett was incarcerated there. He has also filed a Motion to Proceed *In Forma Pauperis*. For the following reasons, the Court will grant Hackett leave to proceed *in forma pauperis* and will dismiss his Complaint as barred by *res judicata*.

## I.    FACTS

      Hackett arrived at SCI Graterford on July 8, 2018. (Compl. at 10.)[1] During intake, "the medical department acknowledged his use of crutches due to an injury." (*Id.*) On August 8, 2016, Hackett was assigned to the D Block housing unit. (*Id.*) Because of his medical condition, he asked Unit Manager Toms if he could "be fed in his cell until his condition improved." (*Id.*)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Toms did not respond, and Hackett "was then forced to go down a wet hallway and wet stairs to the D Block dining hall, on crutches each day, three times a day." (*Id.*) During this time, there was "a constant leak from the . . . alcove ceiling" above D-117, the primary exit from the dining hall. (*Id.* at 11.) Hackett alleges that there were "2 to 4 plastic containers used to catch water leaking from the alcove ceiling directly in the pathway leading to exit door numbered D-117." (*Id.*) All inmates and staff were "compelled to use this pathway [and] step around the containers to exit D-117." (*Id.*)

On August 18, 2016, Hackett "slipped and fell, due to a puddle of water as he tried to exit D Block dining hall." (*Id.*) Sergeant Carter and other officers heard him fall and "rushed to investigate what happened and found [Hackett] lying on his back unconscious." (*Id.*) Sergeant Carter asked him if he was injured, and he responded "that his lower back, hip and left Achilles hurt." (*Id.*) Sergeant Carter called for medical assistance. (*Id.*) Once the medical response team arrived, Hackett was transported "to the dispensary where he was X-rayed for fractures." (*Id.*) The X-rays did not reveal any fractures, so Hackett was told to return to his housing unit. (*Id.*)

Hackett continued to complaint about "his Achilles tendon, back pain, and constant migraines." (*Id.*) He was subsequently taken for an MRI at Suburban Hospital in Norristown. (*Id.*) The MRI revealed that his Achilles tendon "was completely torn and required surgery." (*Id.*) On October 12, 2016, Hackett had that surgery at Hahnemann Hospital in Philadelphia. (*Id.*)

Until April 12, 2017, Hackett was still forced to take his meals in the D Block dining hall. (*Id.*) On April 27, 2017, Medical Director Joseph Korzniak told Hackett to "start [his] rehabilitation on [his] left Achilles tendon by jogging on the inside of the outside track." (*Id.*) The next day, Hackett went out to jog, "only to hit a pothole and break his left foot, and had to

2

walk to the medical department because it was an emergency." (*Id.*) Hackett claims that until he was transferred to SCI Benner Township on May 30, 2017, he "was denied meals off and on . . ., at one period for seven straight days, due to the kitchen supervisor not following orders and sending them up to the unit for [him]." (*Id.*)

Hackett alleges that Kitchen Supervisor Banta violated his Eighth Amendment rights by deliberately refusing to send Hackett his meals "for seven (7) straight days, a total of 21 meals in succession, after the medical department declared [he] was to be fed in [his] cell." (*Id.* at 12.) He also alleges that Defendants Toms, Markley, Steffanino, Brumfeld, and Ojrenika violated his Eighth Amendment rights failing to correct the hazardous conditions caused by the leak from the ceiling by the D Block dining hall. (*Id.*) As relief, Hackett seeks unspecified damages. (*Id.* at 13-15.)

In his Complaint, Hackett acknowledges that he has filed another lawsuit in state court dealing with the same facts involved in this action. (*Id.* at 6.) Public dockets reflect that on or about September 23, 2016, Hackett filed a complaint in the Court of Common Pleas for Montgomery County against Cynthia Link, Mark Ley, and Kathy Cozak. *Hackett v. Cozak*, No. 2016-23320 (Montgomery Cty. Ct. Common Pleas). Cozak, Link, and Ley appeared and filed a Motion for Summary Judgment. Subsequently, Hackett filed a motion to file an amended complaint, a copy of which he appears to have included in the Complaint currently before this Court.[2] By Order entered on November 9, 2017, Judge Tolliver of the Court of Common Pleas granted the Motion for Summary Judgment filed by Link, Cozak, and Ley and dismissed

---

[2] This amended complaint comprises pages 9-16 of Hackett's Complaint. The document includes a "mail received" stamp from the Prothonotary of Montgomery County. (Compl. at 9.)

3

Hackett's complaint. *Id.* Hackett then appealed to the Commonwealth Court of Pennsylvania. *Hackett v. Cozak*, 642 CD 2018 (Pa. Commw. Ct.). That appeal is still pending.[3] *Id.*

## II. STANDARD OF REVIEW

The Court will grant Hackett leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[4] Accordingly, Hackett's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* The Court must accept Hackett's factual allegations as true and may consider documents attached to the Complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 51 n.1 (3d Cir. 2014) (per curiam); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As Hackett is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] On June 20, 2018, the Commonwealth Court issued a briefing schedule. The next day, a per curiam order was entered, directing the parties to address whether Hackett's appeal was untimely in their briefs on the merits.

[4] However, because Hackett is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

## III. DISCUSSION

The doctrine of *res judicata* bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). Courts "take a 'broad view' of what constitutes the same cause of action.'" *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010)). Moreover, a *res judicata* analysis "does not depend on the specific theory invoked, but rather [on] 'the essential similarity of the underlying events giving rise to the various legal claims.'" *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)).

Here, the three elements set forth above exist. By granting the Motion for Summary Judgment, the Court of Common Pleas entered a final judgment on the merits in Hackett's prior suit. Although Hackett's appeal from that judgment is still pending, the United States Court of Appeals for the Third Circuit has noted that "the pendency of an appeal does not affect the potential for res judicata flowing from an otherwise-valid judgment." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009). Thus, the first factor is satisfied.

With respect to the second factor, the Third Circuit has explained privity to be "merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata*." *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) (quoting *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990)); *see*

*also Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999) (doctrine of *res judicata* prohibits successive suits against the same defendants and those in privity with them based on the same underlying events). The docket for state court proceedings indicates that Hackett initially filed a complaint against Cynthia Link, Kathy Cozak, and Mark Ley. While Hackett subsequently filed a motion for leave to file an amended complaint in order to add many of the Defendants he names in the current suit, it is unclear whether Hackett's claims against those Defendants were explicitly addressed in state court. Even if Hackett has added those individuals for the first time here, the addition of new defendants does not preclude a finding that *res judicata* applies, given that Hackett's instant Complaint is based upon the same transactions and occurrences and that they all were officials at SCI Graterford at the time of the events complained of. *See Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (per curiam) (noting that plaintiff's "attempt to add John Doe Prison Officials to the other defendants he named before does not change this conclusion because they are all prison officials in privity with one another); *West v. Coupe*, No. 14-1252-SLR, 2014 WL 6784319, at *3 (D. Del. Nov. 30, 2014) (dismissing *pro se* prisoner's § 1983 complaint as barred by *res judicata* and noting that "the addition of new defendants to those plaintiff named before does not change this conclusion because they are all prison officials or medical personnel in privity with one another). Thus, the second factor for *res judicata* to apply is satisfied.

Finally, Hackett's claims in the Complaint are clearly based upon the same transactions and occurrences forming the basis for his action filed in the Court of Common Pleas for Montgomery County. Indeed, Hackett filed his complaint in state court pursuant to 42 U.S.C. § 1983, raising alleged violations of his Eighth Amendment rights based upon the slip and fall incident that occurred on August 18, 2016 and his treatment thereafter. Thus, the third factor is

satisfied. While Hackett may understandably be upset about the state court's adverse ruling, the doctrine of *res judicata* bars him from coming to this Court to relitigate his claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Hackett leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice as barred by *res judicata*. Hackett will not be given leave to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**
**United States District Judge**